IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CAMBIA HEALTH SOLUTIONS, INC. d/b/a CAMBIA HEALTH SOLUTIONS; and DOES 1-20, inclusive,

Defendants.

Case No. 3:26-cv-05263

**DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

Defendant Cambia Health Solutions, Inc. d/b/a Cambia Health Solutions ("Cambia" or "Defendant"), by and through undersigned counsel, submits this Answer to Plaintiff Jennifer Garcia's ("Plaintiff") Class Action Complaint for Damages ("Complaint") in this action. To the extent that any allegation in the Complaint is not specifically admitted, the allegation is denied. Cambia answers the corresponding numbered paragraphs in the Complaint as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 is a statement of the case and contains a series of legal conclusions to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 1, including, without limitation, that class treatment is appropriate for this action; that Cambia violated the Washington Industrial Welfare Act ("IWA") or the

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 1
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

Washington Minimum Wage Act ("MWA"); or that Plaintiff or any putative class member suffered any damages or are due any relief whatsoever under any legal theory.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 2.

3.    The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Cambia admits that it transacts business in King County, Washington and that it employs employees in the State of Washington and in King County and denies the remaining allegations in Paragraph 3.

## THE PARTIES

4.    Responding to the allegations in the first sentence of Paragraph 4, Cambia lacks sufficient information or knowledge to form a belief as to the truth of Plaintiff's allegations regarding her residence and therefore denies the same. Responding to the allegations in the second sentence of Paragraph 4, Cambia admits that it employed Plaintiff as an hourly paid customer service analyst from approximately March 2025 through August 2025.

5.    Responding to the allegations in Paragraph 5, Cambia admits that it is an Oregon non-profit corporation headquartered in Portland, Oregon and that it transacts business in the State of Washington.

6.    The allegations in Paragraph 6 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 6.

## CLASS ALLEGATIONS

7.    Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph, including but not limited to a denial

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 2
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

that the class as defined corresponds to the legal theories as presented, or that the Court should certify the purported class.

8.  Paragraph 8 is a reservation of rights to which no response is required. To the extent a response is required, Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class.

9.  Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph, including, without limitation, that it violated Washington wage and hour laws and regulations.

10.  Paragraph 10 contains legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 10.

11.  Cambia lacks sufficient information or knowledge to determine the truth or falsity of Plaintiff's allegations regarding Plaintiff's counsel's experience litigating complex class actions and financial resources and therefore denies the same. The remaining allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph.

12.  Paragraph 12 contains legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 12.

13.  Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph.

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT - 3
(CAUSE NO. 3:26-CV-05263)

14.     Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph.

15.     Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Cambia denies the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

16.     Cambia admits that Plaintiff purports to bring this lawsuit as a class action but denies that the Court should certify the purported class. The remaining allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Cambia admits that it employed Plaintiff in the State of Washington.

17.     Cambia denies the allegations in Paragraph 17.

18.     Responding to the allegations in the first sentence of Paragraph 18, Cambia lacks information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation regarding shifts "typically" worked and therefore denies the same. Responding to the allegations in the second sentence of Paragraph 18, Cambia lacks information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she worked over 40 hours in a workweek "at times" and therefore denies the same.

19.     Responding to the allegations in the first sentence of Paragraph 19, Cambia admits that it compensated Plaintiff at an hourly rate. Responding to the allegations in the second sentence of Paragraph 19, Cambia admits that in March 2025, Plaintiff's hourly rate was approximately $23 per hour.

**Meal and Rest Period Violations**

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT - 4
(CAUSE NO. 3:26-CV-05263)

20.    The allegations in Paragraph 20 purport to describe Washington law, which law speaks for itself. Cambia denies the remaining allegations in Paragraph 20.

21.    Cambia denies the allegations in Paragraph 21.

22.    Cambia denies the allegations in Paragraph 22.

23.    Cambia denies the allegations in Paragraph 23.

24.    Cambia denies the allegations in Paragraph 24.

25.    Cambia denies the allegations in Paragraph 25.

26.    Cambia denies the allegations in Paragraph 26.

27.    Cambia denies the allegations in Paragraph 27.

28.    Cambia denies the allegations in Paragraph 28.

29.    Cambia denies the allegations in Paragraph 29.

30.    The allegations in Paragraph 30 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in Paragraph 30.

### Failure to Pay Minimum and Overtime Wages

31.    Cambia denies the allegations in Paragraph 31.

32.    Cambia denies the allegations in Paragraph 32.

33.    Cambia denies the allegations in the first sentence of Paragraph 33. The allegations in the second and third sentences of Paragraph 33 purport to describe the contents of Plaintiff's payroll records and wage statements, which records and statements speak for themselves. Cambia denies the remaining allegations in Paragraph 33.

34.    The allegations in Paragraph 34 purport to describe the contents of Plaintiff's wage statements, which statements speak for themselves. Cambia denies the remaining allegations in Paragraph 34.

35.    Cambia denies the allegations in Paragraph 35.

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 5
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

36.    Cambia denies the allegations in Paragraph 36 including, without limitation, that it failed to maintain adequate records.

### FIRST CAUSE OF ACTION
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

37.    Responding to Paragraph 37, Cambia incorporates its answers to each paragraph above.

38.    The allegations in Paragraph 38 purport to describe a Washington court decision, which case law speaks for itself. Cambia denies the remaining allegations in Paragraph 38.

39.    The allegations in Paragraph 39 purport to describe Washington law, which law speaks for itself. Furthermore, Paragraph 39 cites to a state regulation, which regulation speaks for itself. Cambia denies the remaining allegations in Paragraph 39.

40.    The allegations in Paragraph 40 purport to describe Washington law, which law speaks for itself. Furthermore, Paragraph 40 cites to a state regulation, which regulation speaks for itself. Cambia denies the remaining allegations in Paragraph 40.

41.    The allegations in Paragraph 41 purport to describe three Washington court decisions, which case law speaks for itself. Cambia denies the remaining allegations in Paragraph 41.

42.    The allegations in Paragraph 42 purport to describe two Washington court decisions, which case law speaks for itself. Cambia denies the remaining allegations in Paragraph 42.

43.    Cambia denies the allegations in Paragraph 43.

44.    Cambia denies the allegations in Paragraph 44.

45.    Cambia denies the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT - 6
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

allegations in this paragraph, including, without limitation, that Plaintiff or the putative class are entitled to any damages, interest, attorneys' fees, or costs.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiff and Class Members**

47.     Responding to Paragraph 47, Cambia incorporates its answers to each paragraph above.

48.     The allegations in Paragraph 48 purport to describe Washington law, which law speaks for itself. Furthermore, Paragraph 48 cites to a state statute, which statute speaks for itself. Cambia denies the remaining allegations in Paragraph 48.

49.     Cambia denies the allegations in Paragraph 49.

50.     Cambia denies the allegations in Paragraph 50.

51.     Cambia denies the allegations in Paragraph 51.

52.     Cambia denies the allegations in Paragraph 52.

53.     Cambia denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in this paragraph, including, without limitation, that Plaintiff or the putative class are entitled to any damages, interest, attorneys' fees, or costs.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

55.     Responding to Paragraph 55, Cambia incorporates its answers to each paragraph above.

56.     Paragraph 56 quotes from and cites to a state statute, and so no response is required. The statute speaks for itself.

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT - 7
(CAUSE NO. 3:26-CV-05263)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

152385863.2 0027496-00184

57.    Paragraph 57 quotes from a Washington court decision, which case law speaks for itself. Furthermore, Paragraph 57 contains a citation to a state regulation, which regulation speaks for itself. Cambia denies the remaining allegations in Paragraph 57.

58.    The allegations in Paragraph 58 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in this paragraph, including, without limitation, that it violated the MWA. Furthermore, Paragraph 58 cites to a Washington court decision, which case law speaks for itself.

59.    Cambia denies the allegations in Paragraph 59.

60.    The allegations in Paragraph 60 are legal conclusions and questions of law to which no response is required. To the extent a response is required, Cambia denies the allegations in this paragraph, including, without limitation, that Plaintiff or the putative class are entitled to any damages, interest, attorneys' fees, or costs.

## PRAYER FOR RELIEF

The remaining allegations of the Complaint constitute a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff or the putative class suffered any harm or are due any relief whatsoever under any legal theory.

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof on any issue, Defendant asserts the following affirmative defenses:

1.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff and/or putative class members sustained no cognizable injury or damages.

3.    Plaintiff's claims and those of putative class members are barred, in whole or in part, by the doctrines of waiver, laches, ratification, consent, acquiescence, accord and satisfaction, payment, settlement, release, and/or estoppel.

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 8
(CAUSE NO. 3:26-CV-05263)

4.     Plaintiff's claims and those of putative class members are barred, in whole or in part, because Plaintiff and putative class members voluntarily waived meal periods as allowed by Washington law.

5.     Plaintiff and putative class members were paid all wages due and owing under federal and State law.

6.     Defendant did not willfully and intentionally deprive Plaintiff or the putative class of compensation, and any improper act or omission was in good faith based on a reasonable belief that Defendant was in compliance with all applicable wage and hour laws.

7.     Any violations of Washington's meal and rest break requirements and MWA (which Defendant denies) were not willful because, among other reasons, there is a bona fide good-faith dispute regarding the alleged violations and any compensation owed in the event of a missed meal or rest period, any violations were not intentional, and/or any violations occurred because of carelessness or clerical errors.

8.     Plaintiff failed to meet the requirements of CR 23 and cannot represent the interests of any alleged putative class.

9.     Plaintiff's claims and those of putative class members are barred to the extent they falsely submitted timekeeping records reflecting that they received compliant meal and rest breaks and/or to the extent they unreasonably failed to take advantage of Defendant's policies and procedures.

10.     Plaintiff's claims and those of putative class members are barred to the extent they knowingly submitted to any alleged wage and hour violation, including, without limitation, knowingly submitting to any alleged violation under RCW 49.46 or 49.52, et seq., depriving them of the right to recover under those or other statutes.

11.     Plaintiff's claims and those of putative class members are barred, in whole or in part, on the basis that Defendant acted in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 9
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

enforcement policy of the Wage and Hour Division of the United States Department of Labor and/or the Washington Department of Labor and Industries.

12.    Defendant is not liable for additional wages or overtime for alleged off-the-clock work or alleged unpaid work or allegedly missed meal or rest breaks because, if that work occurred (which Defendant denies), Defendant neither knew nor should have known about the alleged off-the-clock work or alleged unpaid work or allegedly missed meal or rest breaks.

13.    Plaintiff's claims and those of putative class members are barred because any recovery from Defendant would result in unjust enrichment.

14.    Some or all of the relief sought by Plaintiff and putative class members may be barred by the failure to mitigate damages. Alternatively, Plaintiff's and putative class members' damages must be reduced by wages, compensation, pay, benefits, or other earnings, remunerations, profits, and benefits actually received by them or that could have been received had they used reasonable diligence to mitigate their damages.

15.    Plaintiff's claims and those of putative class members are barred, in whole or in part, because their losses, if any, were caused by factors unrelated to conduct or lack thereof by Defendant.

16.    Defendant reserves its rights to assert additional affirmative defenses that become apparent upon discovery or further investigation of the facts and law.

WHEREFORE, having fully answered Plaintiff's Complaint and having set forth its affirmative and additional defenses, Defendant prays for the following relief:

1.    That this Court deny Plaintiff's request to certify this case as a class action;

2.    That Plaintiff's Complaint be dismissed with prejudice;

3.    That Plaintiff and the putative class take nothing by way of relief requested in the Complaint;

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT - 10
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

4.      That Defendant be awarded its costs and reasonable attorneys' fees in defending this action as may be authorized by applicable law; and

5.      That the Court award such other and further relief to Defendant as may be just and equitable under the circumstances.

DATED:  March 23, 2026                          STOEL RIVES LLP


                                                *s/ Emily L. Seibold*
                                                Adam S. Belzberg, WSBA No. 41022
                                                adam.belzberg@stoel.com
                                                Aaron R. Doyer, WSBA No. 60095
                                                aaron.doyer@stoel.com
                                                Emily L. Seibold, WSBA No. 62988
                                                emily.seibold@stoel.com
                                                600 University Street, Suite 3600
                                                Seattle, WA 98101
                                                Telephone: 206.624.0900
                                                Facsimile: 206.386.7500

                                                *Attorneys for Defendant Cambia Health Solutions, Inc.*

DEFENDANT CAMBIA HEALTH SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT - 11
(CAUSE NO. 3:26-CV-05263)

152385863.2 0027496-00184